IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BTC Aviation Service Limited, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 20-cv-6802 |
| v. ) | |
| ) | Honorable Joan B. Gottschall |
| Flagship Express Airlines, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff BTC Aviation Service Limited ("BTC") contracted with defendant Flagship Express Airlines, Inc. ("Flagship"), to operate a series of chartered cargo flights ("charter agreement"). Ans. ¶ 1, ECF No. 10. As the charter agreement required, BTC paid Flagship a $802,500 security deposit.[1] *Id.* The first flight under the agreement, originally scheduled for October 11, 2020, and postponed to October 14, 2020, never took off, prompting this dispute. *See* Am Compl. ¶ 25, ECF No. 13. After demanding the security deposit's return, plaintiff filed this suit against Flagship and its principal, Edward Halley, alleging claims under Illinois law for misrepresentation, negligent misrepresentation, breach of contract, unjust enrichment (alleged as an alternative theory to the breach of contract claim), and breach of the covenant of good faith and fair dealing. *See* Am. Compl. at 7-15.[2]

BTC moves for a preliminary injunction "freezing all defendants' bank account [sic] and assets, including Flagship Express Airlines, Inc.'s bank accounts, and Edward Halley's bank and

---

[1] Per the charter agreement, BTC was required to pay Flagship the first half of the security deposit in the amount of $802,500; the second half of the security deposit was due upon traffic rights being secured. Am. Compl, ¶ 11.

[2] BTC bases jurisdiction on diversity of citizenship under 28 U.S.C. § 1332(a). Am. Compl. ¶ 7. Plaintiff is alleged to be a Macao company while defendants are citizens of Illinois. *See id.*

brokerage accounts so that any such assets can be used to satisfy the expected judgment." ECF No. 16 at 1. The Supreme Court held in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 321–33 (1999), that federal courts do not have the general equitable power to issue a preliminary injunction freezing a defendant's assets where, as appears on this record, the plaintiff does not claim to have a lien or another equitable interest. *E.g., Micnerski v. Sheahan*, 2002 WL 31415753, at *1 (N.D. Ill. Oct. 25, 2002). BTC requests only monetary relief in its complaint and does not claim an equitable interest in defendants' bank accounts or the security deposit. *See* Am. Compl. at 9-15 (ad damnum clauses). BTC neither acknowledges the rule of *Grupo Mexicano* nor makes any argument that this case is distinguishable. *See* Mem. Supp. Mot. Prelim. Injunction at 4-5, ECF No. 17. BTC has therefore failed to show that it is entitled to the preliminary injunction it requests.

Moreover, BTC's allegations that the security deposit "may not be available after the final judgement" without an asset freeze are conclusory and not supported by evidence. *See id.* at 4. BTC has therefore failed to establish as a factual matter that irreparable harm is likely to occur without the preliminary injunctive relief it seeks. *See, e.g., Travelers Cas. & Sur. Co. v. Wells Fargo Bank, NA*, 2009 WL 4881079, at *4 (N.D. Ind. Dec. 9, 2009).

For all of these reasons, BTC's motion for preliminary injunction is denied. BTC may renew its motion, but if it does so, it must offer a good faith argument as to why *Grupo Mexicano* does not apply.

Dated: January 20, 2021                             /s/
                                                    Joan B. Gottschall
                                                    United States District Judge