UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BTC AVIATION SERVICE, LIMITED ) | |
| ) | |
| Plaintiff, ) | Case No.: 20 cv 6802 |
| ) | |
| ) | Assigned Judge: |
| ) | Honorable Joan B. Gottschall |
| Vs. ) | |
| ) | Designated Magistrate Judge: |
| ) | Honorable Beth W. Jantz |
| FLAGSHIP EXPRESS AIRLINES, INC. ) | |
| and EDWARD HALLEY ) | |
| ) | |
| Defendants. ) | |

## COUNT I

### MOTION OF DEFENDANT, EDWARD HALLEY, TO BE DISMISSED AS A PARTY DEFENDANT TO ALL COUNTS OF PLAINTIFF'S AMENDED COMPLAINT

Now comes the Defendant, Edward Halley, and Defendant by his Attorney, Robert J. Zotti, and pursuant to Rule 12(b)6 of the Federal Rules of Civil Procedure moves to dismiss Defendant, Edward Halley, as a party Defendant in this cause, and in support thereof states and alleges as follows:

1.  The Plaintiff has filed a five count Amended Complaint against the Defendants which are entitled and sound to be claims as follows: Count I-Illinois Fraudulent Misrepresentation; Count II- Illinois Negligent Misrepresentation; Count III-Breach of Contract Against Flagship; Count IV-In the Alternative to Count III-Unjust Enrichment Against Flagship; Count V-Breach of Covenant of Good Faith and Fair Dealing.

2. That although Counts III and IV are labeled to be "Against Flagship", these Counts and all the other Counts of Plaintiff's Amended Complaint seek a Judgment against Defendant, Edward Halley, as well as Defendant, Flagship Express Airlines, Inc.

3. That, as Plaintiff recognizes in the caption of its Amended Complaint and in paragraphs 5 and 6 of all counts of said Complaint, that the Defendant, Flagship Express Airlines, Inc., is a corporation, organized and existing under the laws of the State of Illinois and that the Defendant, Edward Halley, is its President.

4. That paragraph 43 of all counts of Plaintiff's Amended Complaint states as follows: "Edward Halley, as the principal responsible for the actions of Flagship, is personally liable for the harm caused to BTC as the result of the fraudulent misrepresentation and acts of Flagship." The allegation that he is personally liable for the acts of the Corporation is then repeated in each Count and only changed to match the legal theory of each Count. See paragraphs 52, 66, 79, and 94.

5. That the aforesaid paragraphs allege that the Defendant is personally liable to the Plaintiff simply because of his status as an officer of the Defendant corporation.

6. That corporate officers are generally not liable for corporate obligations, but they can be liable if they actively participate in tortious activity. See *IOS Capital v Phoenix Printing, Inc.*, 348 Ill.App.3s 366, 371, 808 N.E.2d 606, 611, 283 Ill.Dec. 640, 645 (4th Dist., 2004)

7. That the fact that a person is a corporate officer does not per se render him liable for the fraud of the corporation or other officers or employees; he is liable only if he, with knowledge or recklessly without it, actively participates or assists in the fraud. See *People ex rel.*

*Madigan v. Tang*, 346 Ill.App,3d 277, 284, 805 N.E.2d 243, 250, 281 Ill.Dec. 875, 882 (1st Dist.,2004).

8. That to state a claim of for damages against a person arising from fraudulent misrepresentations, the Plaintiff must set forth specific facts that establish each of the following elements (1) a false statement of material fact; (2) knowledge or belief by the defendant that the statement was false; (3) an intention to induce the plaintiff to act; (4) reasonable reliance upon the truth of the statement by the plaintiff; and (5) damage to the plaintiff resulting from this reliance. See *Phillips v DePaul University*, 2014 Ill. App.(1st) 122817, 19N.E. 3d 1019, at 1036, 385 Ill. Dec. 823, at 840 (1st Dist., 2014).

9. That pursuant to Rule 9(1)(b) of the Federal Rules of Civil Procedure, when alleging fraud or mistake, a party must state, with particularity, the circumstances constituting fraud or mistake, which Plaintiff has failed to do as required by said Rule.

10. That there are no allegations in the Amended Complaint that the Defendant, Edward Halley, made any statements at all, let alone, any fraudulent misrepresentations, intentionally or negligently or otherwise.

11. That there are no allegations in Plaintiff's Amended Complaint that the Defendant, Edward Halley, actively participated in any fraudulent activity, concerning the contract at the center of this dispute or any of the circumstances surrounding the performance or non-performance of the contractual obligations by the Defendant corporation.

12. That since the Plaintiff's Amended Complaint fails to allege, and is completely devoid of, any factual allegations that the Defendant, Edward Halley, committed any wrongful acts or made any representations or misrepresentations whatsoever, Counts I and II of the

Plaintiff's Amended Complaint fall woefully short of stating any claim upon which relief could be granted to the Plaintiff against the Defendant, Edward Halley.

13. That as a result thereof, Plaintiff's Amended Complaint is legally insufficient and fails to state a claim upon which relief can be granted on Counts I and II against Defendant, Edward Halley, and therefore, he should be dismissed as a party defendant as a matter of law pursuant to F.R.C.P 12(b)(6).

14. That Defendant submits that the Plaintiff has also failed to make any allegations in any of the other Counts of its Amended Complaint that state a cause of action against the Defendant, Edward Halley, under any of the legal theories that it attempts to allege. Accordingly, he should be dismissed as a party defendant as a matter of law in these Counts as well. Simply put, none of these counts make any allegation that Defendant, Edward Halley, actively participated in any tortious or fraudulent activity and therefore, he cannot be personally liable simply because he is the President of Flagship Express Airlines, Inc.

WHEREFORE, based on the foregoing, Defendant, Edward Halley, prays that this Court dismiss him as a party Defendant to all Counts of Plaintiff's Amended Complaint and for such other relief as this Court deems necessary, equitable and just.

## COUNT II
## MOTION OF THE DEFENDANTS,
## FLAGHIP EXPRESS AIRLINES, INC. AND EDWARD HALLEY,
## TO DISMISS COUNTS I AND II OF PLAINTIFF'S AMENDED COMPLAINT

Now comes the Defendants, Flagship Express Airlines, Inc. and Edward Halley, by their Attorney, Robert J. Zotti, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

moves to dismiss Counts I and II of Plaintiff's Amended Complaint, and in support thereof states and alleges as follows:

1. That Count III of Plaintiff's Amended Complaint alleges that Defendant, Flagship Express Airlines, Inc. breached its contract with the Plaintiff and this entire case revolves around the dispute of whether or not the Defendant breached the contract--a Charter Agreement with the Plaintiff---as it asserts, or whether or not the Plaintiff breached this Agreement as the Defendant asserts in its Counterclaim.

2. With regard to Counts I and II of Plaintiff's Amended Complaint, both are premised on theories of fraudulent conduct by Defendant, of which, Count I sounds to be a claim for intentional fraudulent misrepresentation and Count II sounds to be a claim for negligent fraudulent misrepresentation.

3. That Defendant submits that neither Counts I nor II of Plaintiff's Amended Complaint state a cause of action for the reasons as set forth below.

4. That under Illinois law, a claim for intentional misconduct for fraudulent misrepresentation must set forth specific facts that establish each of the following elements (1) a false statement of material fact; (2) knowledge or belief by the defendant that the statement was false; (3) an intention to induce the plaintiff to act; (4) reasonable reliance upon the truth of the statement by the plaintiff; and (5) damage to the plaintiff resulting from this reliance. See *Phillips v DePaul University*, 2014 Ill. App.(1st) 122817, 19N.E. 3d 1019, at 1036, 385 Ill. Dec. 823, at 840 (1st Dist., 2014).

5. That also, under Illinois law, the elements of negligent fraudulent misrepresentation are the same as a cause of action for fraudulent misrepresentation except that

the knowledge requirement as set forth in the second element mentioned above is not the same, but rather, that it must be alleged that defendant was careless or negligent by its failure to ascertain the truth of its statements as opposed to making an intentionally false statement. See *Board of Educ. of City of Chicago v. A, C, and S, Inc.* 131 Ill.2d 428, 137 Ill.Dec. 636, 546 N.E.2d 580, 591 (1989).

6. That pursuant to Rule 9(1)(b) of the Federal Rules of Civil Procedure, when alleging fraud or mistake, a party must state, with particularity, the circumstances constituting fraud or mistake.

7. That Count I and II of Plaintiff's Amended Complaint makes the conclusory allegation that certain statements by the Defendant were fraudulent, but these Counts fail to allege specific facts to satisfy the requirements of Rule 9(1)(b) and are insufficient to state a cause of action for fraud under either Count.

8. That both Counts II and III of Plaintiff's Amended Complaint fails to allege, and are completely devoid of, any factual allegations that the Defendant's employees committed any intentional misrepresentations to the Plaintiff whatsoever, but rather, only alleges in conclusory fashion that the Defendant "did not intend to keep its side of the bargain" when an employee failed to do something that he promised to do (See paragraph 2).

9. That under Illinois law, allegations of misrepresentations about future events and the failure to perform a promise to do something in the future do not constitute a fraud. See *Gold v. Vasileff*,160 Ill.App.3d 125, 128, (1987), 513 N.E.2d 446, 112 Ill.Dec. 32 (1st Dist., 1987).

10. Although an unfulfilled promise might constitute a breach of a contract, that failure alone does not constitute a fraudulent misrepresentation unless it is based on something

that is untrue. None of the statements attributed to Defendant's employee are based on something that is untrue or alleged to have been untrue at the time they were made, but rather, appear to be promises about something to be done or that would be done or occur in the future.

11. That none of the statements that Plaintiff alleges were made by Defendant's employee to support of its conclusory allegation that the Defendant "engaged in fraudulent misrepresentation under Illinois State Law", do, in fact, support this conclusion. These alleged statements are contained in paragraphs 14 through 30 of its Amended Complaint.

12. Specifically, the statements that Plaintiff alleges in support of its conclusory allegation are as follows: in paragraph 14, Plaintiff alleges that the Defendant "<u>promised and confirmed</u>" that Fly Armenia <u>would be</u> the carrier; in paragraph 15, Plaintiff alleges that an employee stated that "the aircraft <u>will be</u> operated for us by Fly Armenia"; in paragraph 16, it alleges that the Defendant's employee said "we need <u>to apply</u> for the destination" ..... "which <u>will be done</u> of course once we have...."; in paragraph 20, Plaintiff alleges "that accurate information about the flight schedule, AWB number and the carrier's person in charge <u>would be provided</u>..."; in paragraph 27 Plaintiff alleges that on October 16, 2020, "James admitted that Flagship had not received traffic rights" and in an email on October 19, 2020, that the defendant claimed that it was "prepared to move forward and secured aircraft, Traffic rights, etc."; in paragraph 30, Plaintiff alleges that <u>Flagship promised and communicated</u> with BTC that Transaviaexport Airlines' CCAR-129 <u>would be used to fulfill</u> the Charter Agreement". None of these statements are alleged by the Plaintiff to be based on an existing falsehood---an untrue fact that existed when the statements were made. A promise that does come to fruition is not a fraud, it's an unfulfilled promise.

13. That as a result of these deficiencies, the Plaintiff fails to state a cause of action upon which relief can be granted as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendants, Flagship Express Airlines, Inc. and Edward Halley, pray that this Court dismiss counts I and II of Plaintiff's Amended Complaint and for such other relief as this Court deems necessary, equitable and just.

## COUNT III
## MOTION OF THE DEFENDANTS,
## FLAGHIP EXPRESS AIRLINES, INC. AND EDWARD HALLEY,
## TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT

Now comes the Defendants, Flagship Express Airlines, Inc. and Edward Halley, by their Attorney, Robert J. Zotti, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure moves to dismiss Count IV of the Plaintiff's Amended Complaint, and in support thereof states and alleges as follows:

1. That Count IV of Plaintiff's Amended Complaint sounds to be a claim for unjust enrichment against the Defendant and incorporates all of the 66 paragraphs contained in the preceding three Counts of its Complaint, which includes a breach of contract claim alleged in Count III but then states that Count IV is expressly pleaded in the alternative to that Count.

2. Despite its claim that Count IV is plead in the alternative, not only does it include and incorporate all of the allegations upon which it asserts that the Defendant breached its contract with the Plaintiff but also alleges in paragraphs 69 to 73 of this Count that the Defendant breached its contract with the Plaintiff by failing to provide any traffic rights documents in

accordance with the contract which is referred to throughout its Complaint as the "Charter Agreement".

3. That the elements of a claim for unjust enrichment are: (1) an enrichment (2) an impoverishment (3) a relation between the enrichment and impoverishment, (4) the absence of justification and (5) the absence of a remedy at law. See *Sherman v. Ryan*, 392 Ill.App.3d 712, 911 N.E.2d 378 at 399, 331 Ill.Dec. 557 at 578 (1st Dist., 2009).

4. That in paragraph 75, Plaintiff states that the Defendant "substantially interfered with BTC's funds", whatever that means, and further states that this was done "by taking the first half of the Security Deposit without performing its obligations under the Charter Agreement."

5. That Plaintiff makes no allegations in its Count IV that there is an absence of an adequate remedy at law and makes no allegations of any facts that would support such a conclusion.

6. That said Count IV is confusing and mixes two legal theories in the same Count. While the Plaintiff claims that this Count is stated in the alternative, the allegations contained in the Count do not support that assertion; they also seek money damages for the breach of contract. This do not allege any factual basis or reasons why equitable relief is needed. In this Count, the Plaintiff must plead this basis for the equitable relief being sought, not just restating its contract claim and then jumping to the conclusion that this resulted in "unjust enrichment".

7. A claim for unjust enrichment cannot include allegations of an express contract which governs the relationship of the parties. See *Guin v. Hoskins Chevrolet*, 361 Ill.App.3d 575, at 604, 836 N.E.2d 681, (1st Dist., 2005). A Plaintiff cannot simply allege the same facts stated

in its claim for damages arising from a breach of contract then label the Count as an equitable claim. This Count alleges that the defendant kept money that it was paid by an express contract which Plaintiff claims that the defendant breached. It alleges that it is entitled to the security money because it claims the defendant breached the contract. Thus, this is a claim based on a breach of a contract. Plaintiff must allege sufficient facts to establish the reason it needs equitable relief and show why it does not or may not have a remedy at law. There is nothing alleged that suggests this other than its conclusion that the Defendant was unjustly enriched.

8. That Plaintiff fails to state a distinct and separate cause of action upon which relief can be granted as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and accordingly, this Count should be dismissed. The Plaintiff does not state grounds in Count IV upon which relief can be granted. The basis for its claim lies in Count III--its breach of contract claim, not a restated contract claim under the rubric of an equitable claim.

WHEREFORE, the Defendants, Flagship Express Airlines, Inc. and Edward Halley, pray that this Court dismiss Count IV of Plaintiff's Amended Complaint and for such other relief as this Court deems necessary, equitable and just.

## COUNT IV
## MOTION OF THE DEFENDANTS,
## FLAGHIP EXPRESS AIRLINES, INC. AND EDWARD HALLEY,
## TO DISMISS COUNT V OF PLAINTIFF'S AMENDED COMPLAINT

Now comes the Defendants, Flagship Express Airlines, Inc. and Edward Halley, by their Attorney, Robert J. Zotti, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure move to dismiss Count V of the Plaintiff's Amended Complaint, and in support thereof states and alleges as follows:

1.      That Count V of Plaintiff's Amended Complaint is entitled to be a claim for the "Breach of Covenant of Good Faith and Fair Dealing".

2.      That in said Count V seeks to state an independent cause of action for the breach of an implied duty for the breach of a covenant of good faith and fair dealing which is duty which exists in every contract.

3.      That under Illinois law, a claim for a violation of the implied duty of good faith and fair dealing cannot form a basis for an independent cause of action, but rather, is part of a claim for a breach of contract. See *Anderson v. Burton Associates, Ltd.,* 218 Ill.App.3d 261, 161 Ill.Dec. 72, 578 N.E.2d 199, 203 (1991).

4.      In *Wilson v. Career Education Corporation,* 729 F.3d 665, at 673-674, (2013), the 7th Circuit Court of Appeals dismissed a case which had asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing and unjust enrichment. In so doing, the court cited *Anderson v. Burton Associates, Ltd.,* 218 Ill.App.3d 261, 161 Ill.Dec. 72, 578 N.E.2d 199, 203 (1991) and stated: "The implied covenant of good faith is essentially used as a construction aid in determining parties' intent. Thus, an alleged violation of the implied covenant of good faith cannot form a basis for an independent tort or even its own cause of action."

5.      That in Count V the Plaintiff incorporates all of the 79 paragraphs of Counts I through IV of its Amended Complaint in this Count and then mixes and sets forth s in paragraphs 83 through 92 allegations of intentional misconduct, negligent misconduct and contractual breaches, all under the rubric of breaching an implied duty of good faith and fair dealing, which as stated, cannot form a basis for its own cause of action.

6. That based on the foregoing, the Plaintiff fails to state a distinct and separate cause of action upon which relief can be granted as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure and should be dismissed.

WHEREFORE, the Defendants, Flagship Express Airlines, Inc. and Edward Halley, pray that this Court dismiss Count IV of Plaintiff's Amended Complaint and for such other relief as this Court deems necessary, equitable and just.

Respectfully submitted,

_____
Robert J. Zotti, Attorney for Defendants,
Edward Halley and Flagship Express Airlines, Inc.


Robert J. Zotti, Attorney for Defendants
LAW FIRM OF ROBERT J. ZOTTI, P.C.
1761 S. Naperville Rd., Ste. 101
Wheaton, IL 60189
(630)690-3700
zottz@aol.com