UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BTC AVIATION SERVICE, LIMITED | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 20 cv 6802 |
| | ) | |
| | ) | Assigned Judge: |
| | ) | Honorable Joan B. Gottschall |
| v. | ) | |
| | ) | Designated Magistrate Judge: |
| | ) | Honorable Beth W. Jantz |
| FLAGSHIP EXPRESS AIRLINES, INC. | ) | |
| and EDWARD HALLEY | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO PLAINTIFF'S RESPONSE**

**TO DEFENDANT'S MOTION TO DISMISS**

Now comes the Defendants, Flagship Express Airlines, Inc. and Edward Halley, by their

attorney, Robert J. Zotti, and for its reply to the Plaintiff's response to the Defendants' Motion to

Dismiss states as follows:

**INTRODUCTION**

The pending motion to dismiss seeks to have this Court dismiss the Defendant, Edward

Halley, ("Halley") as a party Defendant to all Counts of Plaintiff's Amended Complaint (the

"Complaint"). The ab damnum clause of all five Counts of Plaintiff's Complaint seeks a

Judgment against both the Defendant, Edward Halley and the Defendant, Flagship Express

Airlines, Inc. (the "Corporation").

In its response to the pending motion, the Plaintiff incorrectly states that the Corporation does not dispute its breach of contract claim under Count III. In fact, the Corporation does dispute Count III of Plaintiff's Complaint and it has filed an Answer to this Count and has also filed a counterclaim against the Plaintiff which seeks damages for the Plaintiff's breach of the same contract. The Plaintiff has filed an Answer to the Defendant Corporation's counterclaim and the parties are now at issue on their respective claims for breach of the contract at the center of this dispute.

Since the Plaintiff has moved to dismiss Counts IV and V of its Amended Complaint, Defendants do not address these Counts in this reply, however, Halley reiterates its motion to dismiss him as a party defendant to Count III, to which, the Plaintiff has made no response.

## ARGUMENT

## I.    NEITHER PLAINTIFF'S RESPONSE NOR ITS COMPLAINT ALLEGE FACTS THAT DEMONSTRATE A PLAUSIBLE CLAIM FOR RELIEF

The Defendants' motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In order to survive a motion to dismiss pursuant to this Rule, the Plaintiff must "state a claim to relief that is plausible on its face." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 137 (2009). As stated by the United States Supreme Court in *Bell Atlantic. Corp. v. Twombley*, 550 U.S. 544, at 570, (2007), the "factual allegations must be enough to raise a right to relief above the speculative level".  A claim has facial plausibility when the Plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". See *Virnich v Vorwald*, 664 F.2d 206, quoting *Iqpal*, 129 S.Ct. at 1949. Thus, a viable claim must allege sufficient facts upon which a plausible claim can be made and not just conclusions.

2

When alleging fraud, this pleading requirement is heightened by virtue of Rule 9(b) of the Federal Rules of Civil Procedure which requires a party to state, with particularity, the circumstances constituting the fraud. In *U.S. ex rel. Grenadyor v. Ukrainian Village Pharmacy, Inc.*, 772 F.2d 1102 at 1106 (7th Cir., 2014), the Court stated, "The requirement of fraud pleading with particularity includes pleading facts that make the allegation of fraud." In *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 at 570 (7th Cir.,2012), the Court stated and likened "the particularity requirement as calling for the first paragraph of any newspaper story: the who, what, when, where and how". Accordingly, the Plaintiff is required to identify the person making the misrepresentation, the time, place, and the content of the misrepresentation, and the method by which the misrepresentation was communicated to the Plaintiff. See *Bankers Trust Co. v Old Republic Ins. Co.* 959 F.2d 677, 683 (7th.Cir., 1991).

The only allegation in Counts I and II that Plaintiff now suggests was a false statement is one that it claims the Corporation made and not Halley or any other individual person. The Plaintiff's Response asserts that it has alleged that the Corporation knowingly made false statements of material facts because it "repeatedly promised and confirmed that Fly Armenia LLC would be the carrier to perform the Charter Agreement." Plaintiff does not allege that Halley or any other any person made this or any false statement. The only claim of other false is not alleged in its Complaint, but rather, in its Response by making the general claim that any further communication from the Corporation after this statement "should be considered as false". The Complaint contains no factual basis to draw such a conclusion or make a reasonable inference that any further communication from the Defendants "should be considered" false.

3

This single alleged statement fails to satisfy the requirement of particularity when making a claim based on fraud as required by Rule 9(b). Counts I and II do not allege the necessary facts of "who, what, when, where and how" the alleged fraudulent misrepresentation was made.

This allegation does not allege "who" made the statement but only generally attributes the statement to the Corporation. This singular allegation does not state with any particularity "when" this "promise" was made or "when" the promise was "confirmed" although it is alleged that it was repeatedly done after September 8, 2020. This singular allegation does not state 'how' this communication was made by the Corporation or "why" this statement is false.

Instead, the Plaintiff now tries to base its claim of misrepresentation by making the claim in its Response and attaching an email and a stream of texts it labels Exhibits 1 and 2 to its Response. This email and text stream are not attached to the Complaint, their existence is not mentioned in Plaintiff's Complaint and the Complaint makes no allegations concerning the email or the text or how they are false. The text stream does not identify who the persons are in the texts and no claim is made that any statement is false. Furthermore, even if the Court were to consider this email or text, Defendants cannot even guess what Plaintiff is claiming was misrepresented and is false in the Exhibits. It gives the Defendant's no context whatsoever as to what it claims is false or how they are false, let alone who is making the statements in the texts. The only mention in the email concerning FlyArmenia is that Defendant gave the Plaintiff permission to speak directly to the carrier, "our vendor", for the purpose of coordinating operations and that Plaintiff, instead, tried to go around the Defendant and negotiate a better deal with its carrier, FlyArmenia. This Exhibit, alone, directly controverts Plaintiff's allegation that the Defendant Corporation knowingly and falsely made the statement to the Plaintiff that "FlyArmenia LLC would be the carrier to perform the Charter Agreement"---the statement upon

4

which both Counts I and II are premised. However, this being put aside, the Court must determine if the Amended Complaint, as plead, states a basis upon which relief can be granted by examining the allegations in the Complaint and not an email or a text stream attached to the Response as Exhibits, both of which are outside the pleadings. Defendants submit that it would be erroneous for the court to consider these Exhibits even though, if considered, they still do not provide any plausible basis upon which a fraud claim could be made and, in fact, they controvert the entirety of the claims it attempts to assert in both Counts I and II.

Plaintiff next argues that the Defendant Halley should be held personally liable even though the Complaint fails to allege any facts to support this contention. Rather, the only allegation in its Complaint in an attempt to hold Halley personally liable is its conclusory statement in paragraph 43 of both Counts I and II that he is "the principal responsible for the acts of Flagship" and because he "maintains the legal right to control the activities of Flagship" he is personally liable. The case law in the State of Illinois is clear that Halley, as a corporate officer, cannot be personally liable unless he was actively involved in a scheme to defraud. See *IOS Capital v Phoenix Printing, Inc.*, 348 Ill.App.3d 366, 371 (4th Dist.,2004). No such allegations are made in either Count I or II and only now, for the first time, in its Response claims that, "upon information and belief" that all false statements to the Plaintiff "were provided under the supervision of the President of Flagship, Defendant, Halley" and that he "also provided false statements personally" without citing any reference to any such statements in its Complaint, because it cannot---- there are no such statements alleged in the Complaint.

In order to skirt the legal deficiency of its claim that Halley is personally liable on the basis claimed in paragraph 43, which was set forth in defendant's motion to dismiss, the Plaintiff now contends in its Response that he should be held personally liable because there was a"

5

scheme" to defraud and that Halley can be personally liable on the basis that he actively participated in this scheme. Plaintiff further suggest that Halley can be held personally liable by "piercing the corporate veil" of the Corporation because no corporate formalities are observed at the Corporation. However, neither Counts I or II makes factual allegations that show that a scheme to defraud existed or that Halley actively participated in such a scheme. It also fails in its attempt to show that Defendant Halley can be held personally liable on its second theory that Court could "pierce the corporate veil" based on the Corporation's failure to observe corporate formalities. Both suggestions are without merit and neither Count I or II allege any facts that plausibly support these conclusions.

As to its suggestion that there is a factual basis for the Court basis for the Court to "pierce the corporate veil" and thereby hold Halley personally liable it claims that the Corporation changed its website by removing contact information for Halley and that this somehow serves as a basis to show that "the corporate form is apparently a cover for Defendant's fraudulent scheme". This is the only factual allegation that Plaintiff contends supports its theory of a scheme or that the Court could pierce the corporate veil because the Corporation failed to observe corporate formalities.

Even if the Corporation did change its website and removed Halley's contact information, it is incomprehensible how such an act could lead the Court to make a reasonable inference that Halley was involved in a scheme or that the Corporation was not following corporate formalities, and that this somehow shows that "the corporate form is apparently a cover for Defendant's fraudulent scheme."

As previously stated, the Plaintiff has failed to allege any facts in its Complaint which identifies the Defendant, Ed Halley, as having made any representations or misrepresentations.

The allegations in Plaintiff's Amended Complaint are replete with conclusions and do not rest on any facts. In this case, not only does the Plaintiff fails to plead the "who, what, when and where" of the alleged fraud and, as stated in *Uni Quality, Inc. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir.1982) but, as to Halley and to any other person working for the Corporation, the Complaint does "not even mention any misrepresentations, much less any specifics about those allegations" where the Court of Appeals affirmed the dismissal of a fraud complaint. because of this fatal deficiency.

As such, Counts I and II cannot survive dismissal as to either Defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and based on the foregoing, Defendants submit that Counts I and II of its Complaint fall woefully short on satisfying the pleading requirements as stated above and should be dismissed pursuant to this Rule.

## II.    THE ONLY PLAUSIBLE CLAIM THAT PLAINTIFF CAN STATE IS ITS BREACH OF CONTRACT CLAIM UNDER COUNT III OF ITS COMPLAINT.

As stated above, Plaintiff hinges its theories in both Counts I and II upon the allegation that the Defendant promised and confirmed that it would use FlyArmenia as its carrier to perform the Charter Agreement. The conclusion that this "promise" was allegedly not kept by the Defendant appears to be the primary statement on which Counts I and II are premised. However, even if this Court presumes that this unfulfilled promise was made, it does not support a claim based on a misrepresentation. An allegation of a misrepresentation about a failure to perform a promise to do something in the future does not constitute a fraud. See *Gold v. Vasileff,* 160 Ill.App.3d 125, 128, (1987), 513 N.E.2d 446, 112 Ill.Dec. 32 (1st Dist., 1987).

In addition, while generally under the law in Illinois, a Plaintiff cannot recover on a tort theory for purely economic losses, stemming from the defeated expectations of a commercial

bargain (See *Anderson Electric, Inc v Ledbetter Erection Corp.*, 115 Ill.2d 146 (1986), the Illinois Supreme Court has carved out two exceptions relevant to the case at bar: (1) a claim based on an intentional, false representation or (2) a claim where the damages sought are proximately caused by a negligent misrepresentation but only if the latter type of claim involved a defendant who was in the business of supplying information for the guidance of others in their business transactions. See *Moorman Manufacturing Co. v. National Tank Co., 91 Ill.2d 69,89* (1982. Examples of a persons in the business of supplying information for guidance of others in their business transactions would include financial advisors, appraisers, and real estate brokers.

In this case, however, this element cannot be satisfied even if the statement involved was an innocent but negligent misrepresentation of an existing fact. The Defendants are not in the business of supplying information for the guidance of others. To the contrary, Defendant is in the business of operating flights to enable its customers to ship cargo by air throughout the world and is not in the business of supplying information for the guidance of others in their business transactions. Information that is given that is merely incidental to the service or product does not satisfy the element that allows an actionable claim for negligent misrepresentation. See *First Midwest Bank, N.A. v Stewart Title Guaranty Co., 218 Ill.2d 326* (2006) *326, 334*-335.

For these reasons, Plaintiff has failed to state a claim upon which a claim for relief can be granted under either Counts I or II of its Amended Complaint and its only viable claim is set forth in Count III of its Complaint for an alleged breach of contract against the Corporation, but not against the Defendant Edward Halley for the previously stated reasons.

## **CONCLUSION**

Based on the foregoing reasons, Defendants' Motion to Dismiss both Counts I and II should be granted as to both Defendants and the Defendant, Edward Halley, should be dismissed as a party Defendant to all Counts of the Plaintiff's Amended Complaint.

Respectfully submitted,

Robert J. Zotti, Attorney for the Defendants

ROBERT J. ZOTTI
LAW FIRM OF ROBERT J. ZOTTI, P.C
1761 S. Naperville Rd., Ste. 101
Wheaton, IL  60189
(630)690-3700
zottz@aol.com

9